UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN HART AND TIFFANY GUZMAN,

                Plaintiffs,

                          CASE NO.:

v

                          JUDGE

CITY OF GRAND RAPIDS, a Municipal
Corporation and Officer Phillip Reinink, in
his individual and official capacities,
and Officer John Doe 1,
in his individual and official capacities,

                Defendants.

_____/

**VEN R. JOHNSON (P39219)**
**MICHAEL A. KOWALKO (P36893)**
**JOHNSON LAW, PLC**
Attorneys for Plaintiff
140 E. 2ND Street, Suite 201
Flint, Michigan  48502
T: (810) 695-6100
vjohnson@venjohnsonlaw.com
Mkowalko@venjohnsonlaw.com
_____/

## **COMPLAINT AND JURY DEMAND**

      Plaintiffs, Sean Hart and Tiffany Guzman, by and through their attorneys,

Johnson Law, PLC, for their complaint against the defendants named herein state

as follows:

1

1.      At all times relevant to this lawsuit, Plaintiff Sean Hart ("Sean") lived in Muir, Ionia County, Michigan.

2.      At all times relevant to this lawsuit, Plaintiff Tiffany Guzman ("Tiffany") lived in Muir, Ionia County, Michigan.

3.      At all times relevant to this lawsuit, defendant City of Grand Rapids ("City") was and is a Municipal Corporation, duly organized and carrying on Governmental functions, including the Grand Rapids Police Department ("GRPD") in the City of Grand Rapids, County of Kent, State of Michigan

4.      At all times relevant to this lawsuit, Officer Phillip Reinink ("Reinink") was an employee of the GRPD and was acting under the color of state law and in the course and scope of his employment and is being sued herein in his individual and official capacities.

5.      At all times relevant to this lawsuit, Officer John Doe 1 ("Doe 1") was an employee of the GRPD and was acting under the color of state law and in the course and scope of his employment and is being sued herein in his individual and official capacities.

6.      The amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorney fees, and further, jurisdiction is otherwise proper in this court due to defendants' deprivation of Sean and/or Tiffany civil rights and liberties

under the 4th and 14th Amendments of the United States Constitution, as well as 42 U.S.C. §1983.

7.     On Saturday, May 30, 2020, Sean and Tiffany, fished in the Grand River in downtown Grand Rapids.

8.     Sean and Tiffany were both unarmed, had no weapons on their person or vehicle, had taken no drugs nor had they had any alcohol that day.

9.     While fishing they saw and heard sirens and some smoke and decided to see what was going on.

10.     At approximately 10:00 p.m., Sean lawfully was driving his 2004 Chevy Suburban with Tiffany in the front passenger seat on Sheldon Street near the intersection of Fulton street.

11.     At this time Sean and Tiffany saw a "right turn only" street sign and further, observed a line of police officers in riot gear blocking the right turn from Sheldon onto Fulton.

12.     Confused, Sean stopped 20 feet from the police line parking his Suburban on an angle and asked the officers for clarification so as not to be in violation of the signs and officers present.

13.     At least three Grand Rapids police officers in riot gear came up quickly like a raid up to Tiffany's open window.

14.     One of the officers was loading a gun, another officer had an assault rifle and a third officer was just standing there.

15.     Defendant Reinink, who illegally threatened Sean and Tiffany with great bodily harm by pointing his weapon at them, screamed at them to turn left.

16.     After being instructed to turn left despite the turn right only sign being there, Sean obeyed the police peacefully and turned left onto Fulton Street, traveled down Fulton, and Sean then safely made a U-turn parking on Fulton Street but approximately 50 feet before the Sheldon Street/Fulton Street  intersection.

17.     Sean was shaken and upset about how the gun was pointed at his girlfriend/fiancée Tiffany and him.

18.     Sean got out of his vehicle and walked on an angle across Fulton Street but not all the way across and stopped approximately 20 feet in front of the police line.

19.     At that point, Sean was not advancing towards the police, but telling the officers that what they did was completely unnecessary and wrong.

20.     Sean was not assaulting any of the police officers.

21.     Sean was not touching any of the police officers.

22.     Sean was completely unarmed, stopped 20 feet from the officers, holding only a cigarette in his right hand, which was visible to everyone, including the police.

23.     At that point, Sean, with his unarmed left hand pointing towards officer Reinink, the officer that had pointed the gun earlier at Tiffany and him, and started to ask what gave him the right to point the gun at them.

24.     Suddenly and without warning, Doe 1 advanced towards Sean, and without giving any verbal warning or order, sprayed mace and/or a chemical spray of some sort in Sean's face.

25.     Sean turned his body around, the officer continued to spray the mace/chemical along his head, back and shoulders.

26.     After Doe 1 stopped spraying Sean, Sean turned back to the officer line and Officer Reinink shot Sean, without giving Sean a warning, at point blank range with a long range projectile designed to be launched from 375-450 feet away.

27.     Under the circumstances then and there existing, the use of the chemical spray/mace at point blank range, let alone the shooting of a weapon at point blank range, constituted the use of deadly force.

28.     Despite the use of deadly force which caused a flash and flare up in the shoulder, neck, face and eye area of the unarmed Plaintiff, Sean, none of the defendant officers, including Reinink who shot the long range projectile, went up to Sean to see how severely injured he was or if he needed medical attention.

29.     As a result of his injuries, including but not limited to burning and/or bruising and/or pain to his eyes, face and shoulder area, Sean sought treatment at Sparrow Hospital in Ionia for follow-up care and treatment through the present time.

30.     After this incident the GRPD allegedly did an investigation.

31.     The GRPD took no action against Doe 1 but did find Reinink violated his training and Grand Rapids policies and procedures for using his weapon with improper ammo resulting in a 2 day unpaid suspension.

32.     As a result of the assault and/or batteries and/or use of excessive force by each or all of the defendant officers, Sean and Tiffany sustained serious physical and/or emotional injuries.

33.     The GRPD's failure to perform an open, honest and fair investigation, failure to discipline Doe 1 for his use of excessive force, failure to impose real and legitimate discipline on Reinink for his conduct which could  have killed Sean, shows that these officers are truly not expected to follow the written policies and procedures but instead follow the custom and practice of the GRPD which encourages them to engage in illegal, excessive force without the threat of meaningful discipline.

## COUNT I

## FEDERAL LAW CLAIMS – EXCESSIVE FORCE PURSUANT TO 42 U.S.C. §1983 and/or 4th or 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION – REININK AND  DOE 1

34.     Sean and Tiffany re-assert and re-allege each and every allegation set forth above in paragraphs 1-33 as if fully set forth  herein.

35.     Pursuant to 42 U.S.C. §1983, as well as the 4th and 14th Amendments to the U.S. Constitution, Reinink  and Doe 1 owed duties to act prudently and with reasonable care and to otherwise avoid  unnecessary, unreasonable and illegal use of excessive force.

36.     Any reasonable police officer in Reinink's position and Doe 1's position at the time of this incident would have known that the use of the above outlined force was illegal, unnecessary and excessive under the same or similar conditions that existed in this case.

37.     Reinink and Doe 1 breached the above duties and were grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner towards Sean and Tiffany, and committed an assault and/or battery towards Sean and Tiffany thus breaching the above duties in a number ways including but not limited to –

a.      inappropriate excessive and inexcusable use of force, via mace spray on Sean, who had already stopped, was unarmed, was not advancing towards the police officers, was not assaulting the police officers and was not touching any of the police officers;

b.      inappropriate, excessive and inexcusable use of force, via shooting a long range projectile directly at and hitting Sean, who had stopped, was unarmed, was not advancing towards the police officers, was not assaulting the police officers and was not touching any of the police officers;

c.      an inappropriate, excessive and inexcusable use of force, via assaulting Tiffany by pointing a loaded weapon at her; and

d.      other breaches as learned through the course of discovery.

38.      As a direct and proximate result of Reinink's and Doe 1's breaches of

the above duties, Sean sustained severe and permanent physical and/or emotional

injuries including but not limited to –

a.       burning and bruising and pain to his eyes, face and shoulder area;

b.      physical pain and suffering;

c.      mental anguish and/or emotional distress;

d.      fright and shock;

e.      denial of social pleasures and enjoyment;

f.      embarrassment, humiliation or mortification;

g.      reasonable expenses of necessary medical care, treatment, and services, past and future;

h.      wage loss past and future;

i.      punitive damages;

j.      exemplary damages; and

k.      all other damages learned through the course of discovery and recoverable under the law.

39.     As a direct and proximate result of Reinink's breach of the above duties, Tiffany sustained severe and permanent injuries including but not limited to -

a.       physical pain and suffering;

b.      mental anguish and/or emotional distress;

c.      fright and shock;

d.      denial of social pleasures and enjoyment;

e.      embarrassment, humiliation or mortification;

f.      reasonable expenses of necessary medical care, treatment, and services, past and future;

g.      wage loss past and future;

i.      punitive damages;

j.      exemplary damages; and

k.      all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiffs Sean Hart and Tiffany Guzman respectfully request that this Honorable Court enter judgment in each or both of their favors

against Reinink and Doe 1 in excess of $75,000.00 and award costs, interest,

attorney fees and punitive damages commensurate with the egregious misconduct

and damages which exist in this case.

## COUNT II

### FEDERAL LAW CLAIM – FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, ILLEGAL CUSTOM AND/OR PRACTICES – CITY

40.     Sean and Tiffany re-assert and re-allege each and every allegation set

forth above in paragraphs 1-39 as if fully set forth  herein.

41.     Pursuant to 42 U.S.C. §1983, as well as the 4th and/or 14th

Amendments to the United States Constitution, City owed Sean and Tiffany certain

duties to properly hire, supervise, monitor and train defendants Reinink and Doe 1

as well as its other officers, agents, servants or employees, so as not to use

unnecessary, unreasonable, excessive and/or illegal force under the circumstances

which existed on the date in question.

42.     City breached its duties outlined above in that its policies, procedures,

regulations, customs and/or lack of training exhibited a reckless indifference

toward the general public and toward Sean and Tiffany specifically, in the

following ways, including but not limited to -

a.     Negligent training, policy and/or procedures resulting in the use of force under the circumstances of this case such that the police officers used force when no force was necessary, leading to deliberate indifference as to whether Sean and/or Tiffany would be injured;

10

b.    Negligent and/or inadequate and/or failure to train defendant officers on the proper encountering of unarmed individuals, including Sean and/or Tiffany;

c.    Negligent supervision or failure to supervise the standards and certifications of defendant officers, and further, lack of proper discipline of said officers for this and all other incidents learned through the course of discovery.

d.    All other incidents learned through the course of discovery.

43.    As a direct and proximate result of City's breaches of the above duties,  Sean and/or Tiffany suffered severe and permanent physical and/or emotional damages, including but not limited to:

a.    physical pain and suffering;

b.    mental anguish and/or emotional distress;

c.    fright and shock;

d.    denial of social pleasures and enjoyment;

e.    embarrassment, humiliation or mortification;

f.    reasonable expenses of necessary medical care, treatment, and services, past and future;

g.    wage loss past and future;

i.    punitive damages;

j.    exemplary damages; and

k.    all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiffs Sean and Tiffany respectfully request that this Honorable Court to enter judgment in each of their favor and against defendant City in an amount in excess of $75,000.00 and award costs, interest, and attorney fees so wrongfully incurred.

## COUNT III

### STATE LAW CLAIMS - GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT, ASSAULT AND/OR BATTERY – REININK AND DOE 1

44.     Sean and Tiffany re-assert and re-allege each and every allegation set forth above in paragraphs 1-43 as if fully set forth  herein.

45.     Reinink and Doe 1 owed Sean and Tiffany a duty to act in a reasonable manner, to not act in a grossly negligent matter, to act prudently and with reasonable care and to avoid the use of unnecessary, illegal and unreasonable, excessive force.

46.     Reinink committed an assault on Sean and Tiffany when he pointed a gun at them while they were sitting in the stopped vehicle Sean had been driving.

47.     Reinink and Doe 1 breached the above duties and was/were grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Sean, and committed an assault and/or battery on Sean thus breaching the above duties in a number of ways, including but not limited to:

a.      Inappropriate, excessive, and inexcusable use of force via mace and/or other chemical sprays on Sean, who had stopped, was unarmed, was not advancing towards the police officers, was not assaulting the police officers and was not touching any of the police officers;

b.      Inappropriate, excessive and inexcusable use of force, via shooting a long range projectile and hitting Sean with it, who had stopped, was unarmed, was not advancing towards the police officers, was not assaulting the police officers and was not touching any of the police officers;

c.      All other breaches as learned through the course of discovery.

48.     As the direct and proximate result of Reinink's breaches of the above duties, Tiffany suffered severe injuries, including but not limited to:

a.      physical pain and suffering;

b.      mental anguish and/or emotional distress;

c.      fright and shock;

d.      denial of social pleasures and enjoyment;

e.      embarrassment, humiliation or mortification;

f.      reasonable expenses of necessary medical care, treatment, and services, past and future;

g.      wage loss past and future;

h.      exemplary damages; and

i.      all other damages learned through the course of discovery and recoverable under the law.

49.    As the direct and proximate result of Reinink's and Doe 1's breaches of the above duties, Sean suffered severe and permanent physical and/or emotional injuries including but not limited to:

a.     burning and bruising and pain to his eyes, face and shoulder area;

b.     physical pain and suffering;

c.     mental anguish and/or emotional distress;

d.     fright and shock;

e.     denial of social pleasures and enjoyment;

f.     embarrassment, humiliation or mortification;

g.     reasonable expenses of necessary medical care, treatment, and services, past and future;

h.     wage loss past and future;

i.     exemplary damages; and

j.     all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiffs Sean and Tiffany respectfully request that this Honorable Court enter judgments in each of their favor and against defendant officers in an amount in excess of $75,000.00 and award costs, interest, and

attorney fees so wrongfully incurred.

Respectfully submitted,
**JOHNSON LAW, PLC**

Dated: September 16, 2020          By:   /s/ Michael A. Kowalko
                                   **VEN R. JOHNSON (P39319)**
                                   **MICHAEL A. KOWALKO (P36893)**
                                   **JOHNSON LAW, PLC**
                                   Attorneys for Plaintiffs
                                   140 E. 2nd Street, Suite 201
                                   Flint, MI 48502
                                   (810) 695-6100

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiffs Sean Hart and Tiffany Guzman by and through their attorneys, JOHNSON LAW, PLC, and hereby demands a trial by jury in the within cause of action.

Respectfully submitted,

**JOHNSON LAW, PLC**

/s/ Michael A. Kowalko
**VEN R. JOHNSON (P39319)**
**MICHAEL A. KOWALKO (P36893)**
Attorneys for Plaintiff
140 E. 2ND Street, Suite 201
Flint, Michigan  48502
Dated: September 16, 2020          (810) 695-6100